IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD HUGH STANDIFERED and
BETTY ANN STANDIFERD,

    Debtors,

UNITED STATES TRUSTEE,                   Bankr. No. 7-00-16958 MA
                                                                  Adv. Proceeding No. 07-1076 M
    Plaintiff,                                      Civ. No. 09-0083 RB/RLP

v.

RONALD HUGH STANDIFERED and
BETTY ANN STANDIFERD,

    Appellants.

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.    This is an appeal from the Judgment of the bankruptcy court denying Ronald and Betty Standifered (the "Appellants," or the "Debtors") a discharge under 11 U.S.C. § 727.  This Court has jurisdiction over the bankruptcy court's entry of judgment in favor of the United States Trustee ("UST" or "Trustee") pursuant to 28 U.S.C. § 158(a)(1) and Federal Bankruptcy Rule 8001(a).

    2.    The bankruptcy court entered its Findings of Fact and Conclusions of Law (the "Findings") [Doc. 3, pp. 115-142].[2]  (The Findings may also be found at *In re Standiferd*, 2008 WL 5273690 (Bankr. D.N.M. 2008) (unpublished opinion).)  Debtors do

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

[2] Unless otherwise indicated, Docket references are to the instant proceeding.

not contest any of the factual findings made by the bankruptcy court, and so only a brief summary of the relevant facts are set forth herein.  The paragraph references are to the Findings at Doc. 3.

3.      Debtors filed a chapter 13 proceeding in 2000 and subsequently filed two plans which proposed to contribute non-exempt tax refunds to the plan for distribution to creditors and to pay 100% of the unsecured claims.  Findings, ¶¶ 1-3.  A Confirmation Order was entered in 2002 and provided, *inter alia*, that Debtors were to timely file all tax returns, monthly operating reports, and the reporting of any bonuses received.  *Id.* at ¶¶ 4-5.

4.      Post-petition the husband lost his job and was unemployed for approximately four months until he was hired by a construction company in 2002.  Also in that year, he formed a partnership called S&S Joint Venture.  In 2004 he formed a corporation called Standiferd and Sons, Inc.  The corporation served as a partner in S&S Joint Venture and received profits from the venture.  In 2003 and 2004, Debtors received approximately $84,000 in profits from S&S Joint Ventures.  Debtors received $20,000 in 2005.  Findings, ¶¶ 6-15.  The majority of this $104,000 was used to refurbish Debtors' home.  *Id.* at ¶ 18.  Debtors never filed monthly operating reports in their bankruptcy proceeding.  The formation of the Venture, tax returns from the Venture, and profits and bonuses from the Venture were never reported to the UST.  *Id.* at ¶¶ 30-33.

5.      In May, 2003, the UST filed a Motion to Dismiss for Debtors' failure to provide copies of tax returns and failure to contribute tax refunds to the plan as required by the Confirmation Order. Findings, ¶ 19.  The Debtors sought modification of their plan to waive the requirement to contribute tax refunds.  This Motion to Dismiss was denied and the

Motion to Waive Refund Requirement was granted by stipulation of the parties. The stipulated order acknowledged that Debtors received $3,907 from tax refunds in 2001 and 2002 and that payment of that sum would be deferred until the end of the plan term. *Id.* at ¶¶ 20-21.

6. The UST filed a second Motion to Dismiss on October 16, 2006, contending that Debtors had failed to provide an accounting of bonus income, failed to provide tax returns to the UST and failed to contribute tax refunds to the plan. On October 22, 2006 Debtors voluntarily converted their bankruptcy proceeding to Chapter 7. *Id.* at ¶¶ 22-24.[3]

7. On May 21, 2007 the Chapter 7 Trustee filed an adversary proceeding to revoke the Debtors' discharge pursuant to 11 U.S.C. § 727. Doc. 3, pp. 8-18; Adv. Proceeding 07-01076 Doc. 1. A hearing before the Bankruptcy Court was held on August 18, 2008, the court denied the discharge, and the Debtors appealed.

8. Debtors assert several grounds for appeal, but they all boil down to this issue: may the Debtors' allegedly fraudulent actions in a Chapter 13 proceeding be considered in denying a discharge in their subsequent Chapter 7 proceeding?

9. <u>Standard of Review</u>. The bankruptcy court makes initial findings of fact and conclusions of law. If its decision is appealed to the district court, the district court is bound

---

[3] As stated in the UST brief, and not disputed by Debtors: "After conversion, the Standiferds amended their schedules. Despite the mandate of the confirmation order that they not incur debt outside the ordinary course without court approval, in their amended Schedule F filed on December 15, 2006, the Standiferds disclosed a total of $653,153.98 in unsecured dept. During the course of the chapter 13 proceeding, the Standiferds' unsecured debt had nearly tripled from the amount set forth in their schedules at the outset of the case. In their Amended Schedule B filed on May 8, 2007, the Standiferds also disclosed, for the first time, their 100 percent ownership of Standifered & Sons, LLC and 100 percent ownership of Sands Construction, LLC, but still failed to disclose their interest in S&S Joint Venture." Appellee's Brief (Doc. 10) at 9 (internal record citations omitted).

by the bankruptcy court's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013. The district court reviews the bankruptcy court's legal conclusions *de novo*.

10. <u>Whether the Bankruptcy Court erred in applying § 727 to conduct occurring in the Chapter 13 proceeding</u>. This is a legal issue reviewed *de novo*. Debtors argue that while *some* conduct during the preceding Chapter 13 case may be considered in denying a discharge under § 727, the subparts of that section relied on by the bankruptcy court are inapplicable to the case at bar. The bankruptcy court found that the following two provisions applied to the debtors: Section 727(a)(2)(B) and/or 727(a)(6)(A). The first provision applies to debtors who, with the intent to defraud a creditor, have concealed property of the estate after the date of the filing of the petition. The second provision applies to debtors who have refused, in the case, to obey any lawful order of the court. <u>Findings</u> at pp. 16-22.

11. Determination of whether § 727 applies to this case depends upon application of 11 U.S.C. § 348 ("Effect of Conversion"), enacted in the 1994 amendment to the Bankruptcy Code. As a general rule, property acquired by the debtor during the chapter 13 case is not property of the estate in the chapter 7 case. Section 348(f)(2) provides an exception to the general rule: If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property as of the date of conversion. In other words, bad faith brings into the chapter 7 estate property acquired post-petition but pre-conversion.

12. The bankruptcy court found that debtors filed their chapter 7 proceeding with the intent to defraud creditors in violation of § 727. The court based this finding on the debtors' pattern of forming corporations or other business entities, which were never

4

disclosed to the chapter 13 Trustee; of receiving substantial income from these entities, which was never disclosed to the Chapter 13 Trustee; and the use of that income to remodel their home rather than to pay down amounts owed to creditors under the chapter 13 plan. Findings at 10-13.  Courts may review the debtors' entire course of conduct in the prior chapter 13 case in determining whether the conversion to chapter 7 was done in bad faith.  *In re Perez*, 345 B.R. 137, 141 (D. Del. 2006).

13. Because the unreported income and profits had been transferred into the home and were not available for liquidation ( the Trustee had never moved to liquidate the home), the bankruptcy court found that the actions of the debtors constituted bad faith under § 348(f)(2) and fraudulent conduct within the meaning of §§ 727(a)(2)(B) and/or 727(a)(6)(A).  *Id.*

14. "[P]roperty of the estate," as stated in § 727(a)(2)(B) must include the pre-conversion property by virtue of § 348(f)(2).  But because the money had all been used to remodel the Debtors home and to purchase furniture and appliances for the home, the bankruptcy court found that § 348(f)(1) applied.  The court then determined that strict application of § 348(f)(1), under the facts of this case, would achieve an absurd result:

> One of the policies furthered by 11 U.S.C. § 348(f)'s exclusion of post-petition property from the converted Chapter 7 estate was to encourage debtors to attempt repayment through a Chapter 13 plan . . . .  But when a debtor actively conceals property that would have been available to creditors during the chapter 13 plan, the debtor should not be able to escape the serious consequences of a denial of discharge simply by converting to Chapter 7.  Such a result would be absurd and contrary to the overriding bankruptcy policy of providing discharge relief only to honest, but unfortunate debtors.

Findings at 14-15.

15. I agree with the bankruptcy court's factual findings and legal conclusions. As pointed out by Debtors, there is no law that anyone has cited to that is on point with the facts of this case. Nevertheless, the undisputed conduct of concealment of assets and the non-reporting of income is sufficient to find bad faith. *See In re Siegfried*, 219 B.R. 581, 585-86 (D. Colo. 1998) ("continuing pattern of lack of disclosure and procedural gymnastics, combined with an eleventh-hour conversion to another chapter to avoid imminent hearings" is sufficient to find bad faith conversion). Section 348(f)(2) deems that all property in the chapter 13 estate is now in the chapter 7 estate for purposes of Section 727(a)(2)(B). Accordingly, the bankruptcy court properly found that Debtors' conduct was fraudulent, that the conversion was in bad faith, and sufficient grounds existed under Section 727(a)(2)(B) to deny the discharge.

16. <u>Whether the court erred in finding a refusal to obey a court's order pursuant to § 727(a)(6)(A)</u>. Debtors argue that confirmation orders are not the type of orders contemplated by § 727(a)(6)(A) and therefore the bankruptcy court erred when he denied a discharge on this ground.

16. Concealment of income and assets is a material omission. *In re Foster*, 335 B.R. 709, 716 (W.D. Mo. 2006). Section 727(a)(6)(A) "clearly includes orders requiring the debtor to produce documents relating to his or her financial condition." *Id.*; *In re Powers*, 112 B.R. 184, 191 (S.D. Tex. 1989). As stated by one court, the failure to produce documents and records to enable the trustee or the court to determine a debtor's assets are "violations [which] go to the heart of a debtor's obligations under the Bankruptcy Code. In exchange for the tremendous relief afforded debtors under the Bankruptcy Code, debtors must fulfil their obligations by being candid with the Court and disclosing all of their assets,

debts and financial transactions. By failing to obey the Orders of the Court the debtors are refusing to fulfil this basic obligation." *In re Robson*, 154 B.R. 536 540 (E.D. Ark. 1993). This Court agrees with the bankruptcy court's legal and factual conclusions and finds that the violation of Section 727(a)(6)(A) is sufficient to deny the Debtors a discharge.

17. Finally, Debtors argue that the bankruptcy court erred in its determination that the chapter 7 conversion was in bad faith and that court's alternative resolution that the case be dismissed under Section 707(a). Because the focus of the hearing was the Debtors' concealment of assets, it would seem that allegations of bad faith would be presumed. I agree with the Trustee that because the bankruptcy court did not dismiss under § 707(a) that point is irrelevant.

18. Accordingly, I recommend that the findings and conclusions of the bankruptcy court be affirmed.

## RECOMMENDED DISPOSITION

I recommend that the findings and conclusions of the bankruptcy court be affirmed and the Debtors appeal be denied.

Richard L. Puglisi
United States Magistrate Judge